IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|   |   |   |
|---|---|---|
| LINDA FREEMAN, | * |   |
| Plaintiffs | * |   |
|   | * | CIVIL NO.: WDQ-06-1152 |
| v. | * |   |
| SYNERGY MORTGAGE CORP., RICHARD GALE, ET AL., | * |   |
| Defendants | * |   |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Linda Freeman has sued Synergy Mortgage Corp. and First Fidelity Mortgage Group, a trade name of Synergy Mortgage Corp., (collectively, "Synergy") for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991 and Richard Gale, Freeman's supervisor at Synergy, for defamation under Maryland law.

Pending is Gale's motion to dismiss for lack of subject matter jurisdiction or for a more definite statement and Gale's motion to strike. Also pending is Synergy's separate motion to dismiss the defamation claim. For the following reasons, the motions will be denied.

I.   Background

In January 2005, Freeman began working as a part-time

mortgage loan officer for Synergy.  Am. Compl. ¶ 10.  Freeman alleges that she performed her job satisfactorily and was held out as a capable and well-performing employee.  *Id*. ¶ 12.

Shortly after her hiring and throughout her employment Freeman received pornographic emails from numerous co-workers and supervisors using inter-company email lists.  *Id*. ¶¶ 14, 15.  Freeman complained about these emails to her coworkers, supervisors and a human resources representative.  *Id*. ¶ 17.  On May 12, 2005, shortly after her complaints to the human resources representative, Synergy terminated Freeman without following the company policy of imposing progressive discipline or identifying Freeman's performance failures.  *Id*. ¶¶ 18, 20.

Following Freeman's termination, Gale allegedly made false statements about her to others regarding her termination.  *Id*. ¶ 21.  On May 8, 2006, Freeman filed this suit.

II.  Analysis

Gale and Synergy have moved to dismiss Freeman's defamation claim for lack of subject matter jurisdiction.  Freeman counters that the Court has jurisdiction because the defamation claim shares a common nucleus of operative fact with her federal question claims.

Gale has also moved for a more definite statement, arguing that the amended complaint is so vaguely worded that he cannot reasonably frame a response.  Freeman counters that she has met

federal notice pleading requirements.  Additionally, Gale has moved to strike a portion of the amended complaint, arguing that it is scandalous.  Freeman responds by arguing that the allegations are relevant to her hostile work environment claim.

A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

The "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994).  By statute, federal courts have jurisdiction over cases arising under federal laws of the United States.  28 U.S.C. § 1331.  Freeman's defamation claim, arising under Maryland law, is not cognizable under § 1331.

Under 28 U.S.C. § 1367, however, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction" over related claims.  Here Freeman's claims arise under federal employment discrimination statutes.  *See* 28 U.S.C. § 1331. Federal supplemental jurisdiction exists "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.  The question is whether the defamation claim is so related.

3

1.   Similarity of the claims

For supplemental jurisdiction to extend, the state and federal claims "must derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *White v. County of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993) (stating that cognizable supplemental claims must "revolve around a central fact pattern").

To prove defamation under Maryland law, Freeman must show that: 1) "the defendant made a defamatory statement to a third person;" 2) "the statement was false;" 3) "the defendant was legally at fault in making the statement;" and 4) "the plaintiff thereby suffered harm." *Gohari v. Darvish*, 363 Md. 42, 54 (2001).

To prove retaliation under Title VII, Freeman must prove that: 1) "the plaintiff engaged in a protected activity;" 2) "the employer acted adversely against the plaintiff;" and 3) "the protected activity was causally connected to the employer's adverse action." *Beall v. Abbott Laboratories*, 130 F.3d 614, 619 (4th Cir. 1997).

According to the complaint, Gale's defamatory comments involved: 1) Freeman's filing of complaints while an employee; and 2) the reason for her termination.  Am. Compl. ¶ 21. Freeman's retaliation claim clearly requires an analysis of the facts surrounding her termination, including whether her

4

complaints were a protected activity and whether her termination and Gale's defamatory statements were retaliation. In addition, her discrimination claim requires proving facts related to the offensive conduct which compelled her to complain. *See Ocheltree v. Scollon Productions, Inc.*, 335 F.3d 325, 330 (4th Cir. 2003) (describing the elements of the discrimination claim which center on the offending conduct). Although the retaliation, discrimination and defamation claims differ, they derive from a common nucleus of operative fact. *See White*, 985 F.2d at 172.

2.   The Court's discretion to assert supplemental jurisdiction

A federal court has discretion whether to assert supplemental jurisdiction over state law claims. *Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999). In exercising its discretion, a district court considers such factors as: 1) convenience to the parties; 2) underlying issues of federal policy; 3) comity; and 4) considerations of judicial economy. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (1995). The Court may also consider the likelihood of jury confusion. *Gibbs*, 383 U.S. at 727.

Gales and Synergy argue that given the similarity of the damages sought under each claim, the jury could become confused. Gale's Supp. Mem. at 7-8, Synergy's Supp. Mem. at 7. Of course, proper jury instructions will avoid this problem.

A purpose of supplemental jurisdiction is "to permit

5

disposition by a single court of claims that are in varying respects and degrees, factually interdependent." *See Kokkonen*, 511 U.S. at 379-380 (discussing ancillary jurisdiction). Judicial economy would be served by litigating the defamation claims in this action.

B.   Motion for a More Definite Statement

A more definite statement is justified when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).  This rule must be read in conjunction with the rules governing federal notice pleading.

The Federal Rules of Civil Procedure do not require specific pleading in a defamation case. *Hatfill v. New York Times Co.*, 416 F.3d 320, 329 (4th Cir. 2005).  As a result, a defamation complaint need only "provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Hatfill*, 416 F.3d at 329 (internal citations omitted).  Indeed a complaint satisfies Rule 8 "if, in light of the nature of the action, the complaint sufficiently alleges each element of the cause of action so as to inform the opposing party of the claim and its general basis." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005).

Gale argues that Count II of the complaint, which contains

the defamation claim, contains generalized statements to which he cannot reasonably respond. Gale's Supp. Mem. at 9. He also argues that the complaint does not allege "exactly how" he falsely disparaged Freeman; specifically it fails to allege: 1) what was said; 2) to whom the statements were made; and 3) when the statements were said. *Id*. Gale concludes that without such information he cannot reasonably respond to the allegations.

There is no requirement in the Federal Rules of Civil Procedure that Freeman reproduce the exact words alleged to have been defamatory. *Adler v. American Standard Corp.*, 538 F.Supp. 572, 576 (D. Md. 1982). Moreover, Maryland law, in a case for defamation brought by a private individual, does not require the level of specification that Gale demands.

Freeman's allegations meet the requirements under Maryland law as seen through the notice pleading requirements of the Federal Rules of Civil Procedure. She sufficiently pled that false defamatory statements were made to a third person because she alleges that Gale made false statements to others in the mortgage industry: 1) regarding her termination; and 2) disparaging her truthfulness. Am. Compl. ¶ 21. Moreover, Freeman sufficiently plead fault because she alleges that Gale's conduct was "malicious, willful and intentional." *Id*. ¶ 33. Finally, she pled that the statements harmed her. *Id*. ¶¶ 21, 34.

Gale argues that the amended complaint does not provide

7

sufficient information to plead certain affirmative defenses. First, Gale focuses on the one year statute of limitations for defamation actions:

> The complaint was filed on May 9, 2006.  The complaint alleges that defendants falsely disparaged Plaintiff '[f]ollowing her termination,' and that the termination occurred on May 12, 2005.

Gale's Supp. Mem. at 9-10.  Given the timing pled, Gale has sufficient information for pleading a limitations defense. Similarly, Gale has sufficient notice to plead privilege.

C.   Motion to Strike

Federal Rule of Civil Procedure 12(f) allows a district court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).  Motions to strike for these reasons are disfavored and "usually should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Graff v. Prime Retail, Inc.*, 172 F.Supp.2d 721, 731 (D. Md. 2001) (internal citations omitted).  Moreover, these motions "should be denied if there is any doubt as to whether the material in question raises an issue of fact or law."  *Id*.

To prove a discrimination claim under Title VII for sexual harassment in the workplace, Freeman must prove that the

8

offending conduct: 1) was unwelcome; 2) was based on her sex; 3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment; and 4) was imputable to her employer.  *Ocheltree,* 335 F.3d at 330.

Gale argues that the allegations in paragraph 15 of the Amended Complaint, which state the contents of some of the offensive emails Freeman received, are scandalous.  The graphic allegations, however, state the third element of her discrimination claim and raise an issue of fact about the hostility of her work environment.  Accordingly, the motion to strike will be denied.

III. Conclusion

As Freeman's employment discrimination and defamation claims derive from a common nucleus of operative fact, Synergy's and Gale's motions to dismiss for lack of subject matter jurisdiction will be denied.  As Freeman's amended complaint satisfies the requirements of federal notice pleading, Gale's motion for a more definite statement will be denied.  Finally, as the content of the offensive emails is relevant to the hostile work environment claim, Gale's motion to strike will be denied.

September 27, 2006 /s/
Date William D. Quarles, Jr.
United States District Judge